

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,227-01

**EX PARTE TERRENCE ANTHONY ROUNDTREE, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. WRIT09024 IN THE 196TH DISTRICT COURT
## FROM HUNT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to aggravated assault of a public servant in exchange for ten years' deferred adjudication community supervision. His community supervision was later revoked and he was adjudicated guilty and sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Roundtree v. State*, No. 05-09-00837-CR (Tex. App. — Dallas, June 16, 2010) (not designated for publication).

Applicant contends, among other things,[1] that his original plea was not knowingly and voluntarily entered because he was not competent and did not understand the consequences of the plea. Applicant alleges that he was evaluated and determined to be incompetent before he was finally adjudicated guilty, and was sent to Vernon State Hospital to be restored to competency. He alleges that he had a long history of paranoid schizophrenia, which should have raised concerns about his competency to enter the original plea despite trial counsel's advice to the contrary.

Applicant also alleges that his adjudication counsel was ineffective for failing to present evidence of his mental health issues and financial difficulties during the adjudication proceedings.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and adjudication counsel to respond to Applicant's claims of involuntary plea and ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the written admonishments given to Applicant at the time of his original plea, and with transcripts of the plea

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

and adjudication proceedings. If Applicant was determined to be incompetent at any time during the plea or adjudication proceedings, the trial court shall supplement the habeas record with all available documentation regarding this determination and any subsequent restoration to competency. The trial court shall then make findings of fact and conclusions of law as to whether there was any indication that Applicant might not have been competent to enter his original plea. The trial court shall make findings of fact as to whether Applicant was advised at the time of his original plea of the nature of the charges, the applicable punishment range, the rights he was waiving and the consequences of his plea. Specifically, the trial court shall make findings as to whether Applicant was advised that he would be facing the entire punishment range for the offense if he were later adjudicated guilty.

The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel and adjudication counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 15, 2017
Do not publish